# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**SBO PICTURES, INC.,**

*Plaintiff,*

v.

**DOES 1 – 46,**

*Defendants.*

Civil Action No. 1:12-cv-11723

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

**NATURE OF ACTION, JURISDICTION, AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 etc. Jurisdiction of this Court over this action is conferred by 28 U.S.C. § 1338(a). With respect to Counts 2 – 4, jurisdiction is also proper under the doctrines of supplemental, pendant, and/or ancillary jurisdiction.

2. On information and belief, personal jurisdiction in this District over each Defendant is proper because such Defendant may be found in this District and/or, such Defendant's acts complained of herein below occurred within and/or had substantial effect within this District. In addition, each Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide each Defendant with access to the Internet.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, what is known, as of the date of filing of this Complaint, is the respective Internet Protocol ("IP") address assigned by an ISP to the Internet account subscribed to and/or used by that

Defendant in connection with the copyright infringements described below. A publicly and/or commercially available geolocation service has been used to determine the geographic locations of IP addresses used in connection with infringements of Plaintiff's motion picture, described below. Geolocation services are believed to be reasonably accurate. The geographic location of each respective IP address subscribed to and/or used by each Defendant has been shown by the geolocation service used by Plaintiff to be located within this District. Further, in this regard, on information and belief, each Defendant may be found within this District, and/or the acts so complained of herein occurred and/or have had a significant effect within this District. Therefore, venue in this Court is proper in accordance with 28 U.S.C. §§ 1391(b) and 1400(a), and, with respect to each Defendant, the Court's exercise of personal jurisdiction is proper.

**THE PARTIES**

4.   Plaintiff, SBO PICTURES, INC., is a Corporation duly formed and existing under the laws of California, and has a principal place of business at 9040 Eton Avenue, Canoga Park CA, 91304, ; Plaintiff is a motion picture production company.

5.   The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to Plaintiff only by the IP address assigned by an ISP to the Internet account subscribed to, and/or used by, that Defendant on the date, and at the time, for which each respective infringing activity, so complained of below for each Defendant, was observed. The IP address of the respective Internet account subscribed to, and/or used by, each Defendant, together with the date and time, at which the respective infringing activity, for which such Defendant is liable, was observed, is included on **Exhibit A**, attached hereto. As alleged below, each Defendant is liable for the respective infringement because: (1) such Defendant committed the infringement himself, herself or itself; (2) such Defendant is

vicariously liable for the infringement occurring through his, her, or its Internet account; (3) such Defendant is liable under Massachusetts General Laws, Chapter 231, Section 85G for the willful infringement committed by Defendant's unemancipated child over seven years of age and under 18 years of age; and (4) such Defendant is contributorily liable for the infringement occurring through his, her, or its Internet account.  On information and belief, Plaintiff states that information obtained in discovery will lead to the identification of each Defendant's true name and address and permit Plaintiff to amend this Complaint to state the same.

## ALLEGATIONS COMMON TO ALL COUNTS

6.     Plaintiff is, and at all relevant times has been, the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the motion picture titled, "My Personal Masseuse" (hereafter, "Motion Picture").

7.     The Motion Picture is an original work that may be copyrighted under United States law. The Motion Picture is the subject of a valid Certificate of Registration issued by the United States Copyright Office, which is Copyright Registration No. PA0001780476, dated February 9, 2008; and, Plaintiff owns the aforementioned Registration.

8.     Plaintiff has either published or licensed for publication all copies of the Motion Picture in compliance with the copyright laws. The Motion Picture was published with a notice of copyright in the form and position specified by 17 U.S.C. Section 401(d) on a copy, or copies, of which each Defendant had access.

9.     Plaintiff has suffered both money damages and irreparable harm as a result of each Defendant's infringement of Plaintiff's copyrights in the Motion Picture. In addition, discovery may disclose that such Defendant obtained profits as a result of his, her, or its infringement.

10. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to: (1) monetary relief pursuant to 17 U.S.C. § 504, which may include Plaintiff's damages caused by each Defendant and each Defendant's profits and/or statutory damages; and (2) Plaintiff's attorney fees and costs pursuant to 17 U.S.C. § 505.

11. The conduct of such Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated, nor measured, in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting such Defendant from allowing further infringement of Plaintiff's copyrights through Defendant's Internet account and ordering that such Defendant cause the destruction of all unlawful copies of the copyrighted Motion Pictures made on any computer by an infringer using Defendant's Internet account.

**COUNT 1 — DIRECT INFRINGEMENT**

12. Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1 through 11 above.

13. **Exhibit A** identifies the copyrighted Motion Picture using the registration number of the copyright for the Motion Picture, and each Defendant (one Defendant per row in the table set out in **Exhibit A**) whose Internet account, without the permission or consent of the Plaintiff, was used by a respective infringer to reproduce, and/or to distribute to the public, at least a substantial portion of the Motion Picture, and therefore to infringe Plaintiff's copyright in the Motion Picture. **Exhibit A** also sets out: (1) the respective IP address associated with each Defendant's Internet account at the time the infringement occurred on a computer using that Internet account; (2) the identity of the ISP associated with the IP address; (3) the date

and time ("timestamp") that an infringement of Plaintiff's copyright in the Motion Picture on a computer using that Internet account was observed; and (4) the software protocol used in connection with that infringement. (In this Complaint, the term "computer", unless otherwise stated, refers to any device or system that may store data and communicate on the Internet. Common examples of computers include, but are not limited to desktop computers, laptop computers, tablet computers, smartphones, electronic readers, media players, and home entertainment systems). That is, in connection with such Defendant's Internet account to which the respective IP address listed in **Exhibit A** was assigned by an ISP, a respective infringer, without permission or consent of Plaintiff, reproduced, and/or distributed to the public, at least a substantial portion of Plaintiff's copyrighted Motion Picture. Further, in this regard, Plaintiff is informed and believes that, with respect to each IP address listed in **Exhibit A**, a respective infringer of Plaintiff's copyrights in the Motion Picture, using the respective Defendant's Internet account, has used, and/or continues to use, without the permission or consent of Plaintiff, an online media distribution system, known as a "peer to peer" ("P2P") network (in this case, a BitTorrent network), to reproduce at least a substantial portion of at least one copy of the Motion Picture, and/or to distribute to the public, by making available for distribution to others, at least a substantial portion of a copy of the Motion Picture. In so doing, each such respective infringer has violated, and continues to violate, Plaintiff's exclusive rights of reproduction and distribution protected under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), including under 17 U.S.C. § 106(1) and (3). Each such respective infringer has infringed Plaintiff's copyrights in the Motion Picture.

14.  Each infringer using the respective Internet account of the respective Defendant mentioned in paragraph 13 has acted in cooperation with the persons using the Internet accounts of other Defendants set forth in **Exhibit A** by agreeing to provide, and actually providing, on a P2P network, an infringing reproduction of at least substantial portions of

Plaintiff's copyrighted Motion Picture, in anticipation of the other persons doing likewise with respect to that work and/or other works. Further in this regard, persons using the Internet accounts of the several Defendants listed in **Exhibit A** entered the same BitTorrent swarm, with the same hash (specifically, d46c1c513f18f9f22faf5ab398898c94fce88498) to engage in unlawful reproduction and distribution of Plaintiff's copyrighted Motion Picture.

15.  With respect to each Defendant listed in **Exhibit A**, on information and belief, discovery will disclose that such Defendant is the infringer described in paragraph 13, and that each of such Defendant's acts of infringement have been willful, intentional, and in disregard, and with indifference to, the rights of Plaintiff.

## COUNT 2 — VICARIOUS LIABILITY

16.  Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1 through 11 above. In addition to, or in the alternative to, Count 1, Plaintiff alleges as follows (from paragraph 17 to paragraph 20, but not inclusive of 20):

17.  Plaintiff alleges with respect to each Defendant that, even if such Defendant did not personally use BitTorrent to violate Plaintiff's exclusive rights under the Copyright Act of Plaintiff's motion picture, an infringement of Plaintiff's copyrighted motion picture did occur through such Defendant's Internet account.

18.  Upon information and belief, discovery will disclose that such Defendant had the right and the ability to control the use of his, her, or its Internet account. Defendant should have prevented, but did not so prevent, a direct infringer from using such Defendant's Internet account to commit infringement of Plaintiff's copyright. Instead, upon information and belief, discovery will disclose that such Defendant willfully allowed such infringement to occur.

19.  Upon information and belief, discovery will show that such Defendant gained financial benefit from the alleged infringing activity (by way of examples only: by sharing costs of the Internet account; by charging rent for the residence, or other location, in which access to the Internet account was available; by making the Internet account available for customers in a retail establishment or hotel; or, by making the Internet account available to employees).

## COUNT 3 — PARENTAL LIABILITY

20.  Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1 through 11 above. In addition to, or in the alternative to, Count 1, Plaintiff alleges as follows (from paragraph 21 to paragraph 23, but not inclusive of 23):

21.  Plaintiff alleges with respect to each Defendant that, even if such Defendant did not personally use BitTorrent to violate Plaintiff's exclusive rights under the Copyright Act of Plaintiff's motion picture, an infringement of Plaintiff's copyrighted motion picture did occur through such Defendant's Internet account.

22.  Upon information and belief, discovery will disclose that such Defendant is the parent of an unemancipated child over seven years of age and under 18 years of age whom willfully committed the infringement described above.

## COUNT 4: CONTRIBUTORY LIABILITY

23.  Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1 through 11 above. In addition to, or in the alternative to, Count 1, Plaintiff alleges as follows (from paragraph 24 through the last numbered paragraph):

24. Plaintiff alleges with respect to each Defendant that, even if such Defendant did not personally use BitTorrent to violate Plaintiff's exclusive rights under the Copyright Act of Plaintiff's motion picture, an infringement of Plaintiff's copyrighted motion picture did occur through such Defendant's Internet account.

25. Upon information and belief, discovery will disclose that such Defendant had the right and ability to control the use of his, her or its Internet account. Defendant could have prevented, but did not so prevent, a direct infringer from using such Defendant's Internet account to commit infringement of Plaintiff's copyright. Instead, upon information and belief, discovery will disclose that such Defendant had knowledge of infringing activity, which induced, caused, or materially contributed to infringement by direct infringer.

**RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment against each Defendant as follows:

A. For a judgment that such Defendant has infringed Plaintiff's copyright in the Motion Picture and/or for judgment that such Defendant is vicariously liable for the infringement that occurred through Defendant's Internet account of Plaintiff's copyright in the Motion Picture, and/or is liable for such infringement under Massachusetts General Laws, Chapter 231, Section 85G;

B. For entry of preliminary and permanent injunctions providing that such Defendant shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the Motion Picture, including, without limitation, by using the Internet to reproduce or copy the Motion Picture, to distribute the Motion Picture, or to make the Motion

Picture available for distribution to anyone, except pursuant to a lawful license or with the express authority of Plaintiffs;

C. For entry of preliminary and permanent mandatory injunctions providing that such Defendant shall destroy all copies of the Motion Picture that such Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control;

D. For entry of preliminary and permanent injunction providing that such Defendant shall prevent infringement of Plaintiff's copyright in the Motion Picture from occurring through such Defendant's Internet account;

E. For entry of judgment that such Defendant shall pay actual damages, profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

F. For entry of judgment that such Defendant shall pay Plaintiff's costs;

G. For entry of judgment that such Defendant shall pay Plaintiff's reasonable attorney fees; and

H. For entry of judgment that Plaintiff have such other relief as justice may require and/or as otherwise deemed just and proper by this Court.

*     *     *

Date: September 16, 2012

Respectfully submitted,

*/s/ Marvin Cable*

Marvin Cable, BBO#:  680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

Attorney for Plaintiff,
SBO PICTURES, INC.